IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**WILLIAM J. JONAS, III,**

    **Plaintiff,**

v.                                                            **CIVIL ACTION NO.: 1:20-CV-101**
                                                               **(JUDGE KEELEY)**

**RONALD L. GREENE,**
**President of Afni, Inc.,**

    **Defendant.**

**REPORT AND RECOMMENDATION RECOMMENDING**
**THAT DEFENDANT'S MOTION TO DISMISS [ECF NO. 20] BE GRANTED**

This matter before the Court is pursuant to Defendant Ronald L. Greene's Motion to Dismiss Complaint, filed on January 26, 2021. [ECF No. 20]. The undersigned **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss for the reasons set forth below.

## I.     RELEVANT PROCEDURAL HISTORY

On May 19, 2020, *pro se* Plaintiff William J. Jonas, III, an inmate at FCI Gilmer, filed the Complaint herein. [ECF No. 1].

Within his Complaint, Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") in twelve different ways, including communicating false information and false representations about Plaintiff's alleged debt, using false, deceptive, and unconscionable means to attempt to collect a debt from the Plaintiff, refusing to respond to Plaintiff's validation request, failing to report a disputed debt to the credit bureaus, re-aging the debt, not being in the county where Plaintiff lives, harassing Plaintiff in an attempt to collect the debt, and continuing to report to credit bureaus without validating the alleged debt. [ECF No. 1].

On January 26, 2021, Defendant filed the pending Motion to Dismiss. [ECF No. 20]. On January 27, 2021, the Court issued a *Roseboro* notice to Plaintiff informing him that a response to the motion to dismiss must be filed within 21 days of the date of the notice. [ECF No. 21]. The *Roseboro* notice was delivered on February 1, 2021. [ECF No. 24].

On February 1, 2021, Plaintiff filed a request that the Court continue any deadlines for any response he must file to December 31, 2021, as well as refrain from any rulings adverse to Plaintiff until that same date or later. [ECF No. 22]. Plaintiff cited issues as to availability of, and access to, resources in the institution in which he currently is incarcerated. These issues are related to the COVID-19 pandemic. On February 2, 2021, the Court entered an order by which it denied Plaintiff's request and ordered Plaintiff to show cause, within 14 days of receipt of the order, why Defendant's motion to dismiss should not be granted and why this matter should not be dismissed without prejudice. [ECF No. 23]. The order was delivered on February 5, 2021. [ECF No. 25]. The Court has received nothing from Plaintiff to show cause as ordered.

## II.   DEFENDANT'S CONTENTIONS

Defendant moves for Plaintiff's Complaint be dismissed because (1) Plaintiff had failed to show an concrete injury as to establish Article III standing; and (2) Plaintiff has failed to state a claim upon which relief can be granted because, under the FDCPA, Defendant is not a debt collector, Plaintiff provides evidence that Defendant never reported the information at issue to the credit bureaus, and Defendant had no obligation to verify the debt. [ECF No. 20].

### A. Article III Standing

Article III, Section 2, clause 1 of the Constitution limits federal court jurisdiction to "Cases" and "Controversies." U.S. CONST. art. III, § 2, cl. 1. Defendant argues this court is without jurisdiction as the plaintiff has failed to establish that he has suffered a concrete, injury in

2

fact. Defendant argues that while Plaintiff alleges violations of the FDCPA have occurred, he has failed to plea how these alleged violations have caused him any harm. Accordingly, Defendant requests this Court dismiss Plaintiff's Complaint for lack of jurisdiction.

### B. Failure to State a Claim

First, Defendant argues that the Complaint should be dismissed under Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state a claim for which relief can be granted because the FDCPA does not define a debt collector to be the officer or employee of a creditor. Because Defendant here is not a creditor, but rather is only the officer or employee of one, the argument goes, no claim lies against Defendant under FDCPA. Defendant notes that Plaintiff fails to make any mention as to why he sued the Defendant instead of the actual debt collector in question, Afni, Inc. Defendant further offers that Defendant does not engage in credit reporting nor does he respond to validation requests in his individual capacity and Plaintiff has alleged nothing that indicates why piercing the corporate veil would be appropriate.

Next, Defendant argues that two theories of liabilities fail on their merits. One, Plaintiff claims Defendant placed an entry on Plaintiff's consumer credit report in violation of the FDCPA, then Plaintiff provides his credit report as an attachment to the Complaint which reflects that Afni, Inc. not Defendant submitted the entry. Accordingly, Plaintiff fails to state a claim upon which relief can be granted. Two, Plaintiff claims that Defendant failed to respond to Plaintiff's validation requests, but Defendant argues that, not only is he **not** the debt collector-entity for whom such request should have been made, there is no obligation for a debt collector to respond to a validation request outside the initial thirty-day timeframe articulated in the statute.

### III.   ANALYSIS

Because Plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### A. Article III Standing

The Supreme Court has long held that "standing consists of three elements." Spokeo v. Robins, 136 S.Ct. 1540, 1547 (May 16, 2016) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Id. To establish injury in fact, a plaintiff must "allege an injury that is both 'concrete' *and* 'particularized.'" Spokeo, 136 S. Ct. at 1545 (citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180–81 (2000) (emphasis in original)).

However, a "concrete" injury may also be "intangible. Spokeo, 136 S. Ct. at 1549. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." Id. A plaintiff may demonstrate that he suffered a concrete injury by showing that his injury is analogous to a harm traditionally recognized at common law or by showing that either a state legislature or Congress has elevated a de facto injury previously seen as inadequate to the status of a concrete, legally cognizable injury.  See Alig v. Quicken Loans

4

Inc., No. 5:12-CV-114, 2017 WL 5054287, at *11 (N.D.W. Va. July 11, 2017)(citing Spokeo at 136 S. Ct. at 1549).

District courts around the country have broadly construed the definition of "injury" in consumer credit cases, including FDCPA cases, because Congress has elevated the otherwise intangible injuries "to the status of a legally cognizable injury[.]" Spokeo, 136 S.Ct. at 1549. See e.g., Linehan v. Allianceone Receivables Mgmt., Inc., 2016 WL 4765839, at *7 (W.D. Wash. Sept. 13, 2016) ("The goal of the FDCPA is to protect consumers from certain harmful practices; it logically follows that those practices would themselves constitute a concrete injury"); Prindle v Carrington Mortg. Servs., LLC, 2016 WL 4369424, at *9 (M.D. Fla. Aug. 16, 2016); Larson v. Trans Union, LLC, 201 F.Supp.2d 1103 (N.D. Cal. 2016); Dickens v. GC Servs. Ltd. P'ship, 2016 WL 3917530, at * *1–2 (M.D. Fla. July 20, 2016); Lane v. Bayview Loan Servicing, LLC, 2016 WL 3671467, at * *3–5 (N.D. Ill. July 11, 2016); Macy v. GC Servs. Ltd. P'ship, 2016 WL 5661525, at * *2-4 (W.D. Ky. Sept. 29, 2016); Daubert v. Nra Grp., LLC, 2016 WL 4245560, at *4 (M.D. Pa. Aug. 11, 2016); Quinn v. Specialized Loan Servicing, LLC, 2016 WL 4264967, at *5 (N.D. Ill. Aug. 11, 2016); Irvine v. I.C. Sys., Inc., 198 F.Supp.3d 1232, 1237 (D. Colo. 2016); McCamis v. Servis One, Inc., 2016 WL 4063403 at *2 (M.D. Fla. July 29, 2016).

The Fourth Circuit has distinguished, however, that, in federal court, a "statutory violation *alone* does not create a concrete *informational* injury sufficient to support standing." Dreher v. Experian Info. Sols., Inc., 856 F.3d 337, 345 (4th Cir. 2017)(emphasis added)(no Article III standing where "Plaintiff suffered no real harm, let alone the harm Congress sought to prevent in enacting the FCRA[.]"). Rather, for Article III standing pursuant to an intangible informational injury, such as providing a consumer with incorrect information, "a constitutionally cognizable

informational injury requires that a person lack access to information to which he is legally entitled and that the denial of that information creates a 'real' harm with an adverse effect." Id.

Here, Plaintiff alleges a particularized injury beyond an informational injury for the purposes of Article III standing. Plaintiff claims, *inter alia*, that the Defendant reported false information and used unconscionable and deceptive means in the collection of a debt; Defendant allegedly "violated his statutory rights" and his individualized "interest[] in the handling of his credit information." Spokeo, 136 S. Ct. at 1549. See also Church v. Accretive Health, Inc., 654 Fed. Appx. 990 (11th Cir. 2016) (Plaintiff satisfied injury-in-fact requirement, even where no tangible or physical harm occurred, by alleging Defendant violated FDCPA by not including required disclosures in debt collection letters.); Alig v. Quicken Loans Inc., No. 5:12-CV-114, 2017 WL 5054287, at *13 (N.D.W. Va. July 11, 2017)(Bailey, J) (Defendant's alleged violations of Plaintiffs' statutorily-created, legally cognizable rights established Article III standing for class members).

Unlike Dreher, the violations outlined by the Plaintiff go beyond an informational injury and cite the precise, harmful debt collection practices which the FDCPA sought to prevent and for which the Congress allotted statutory damages.

While the Plaintiff here fails to sufficiently state a claim against Defendant upon which relief can be granted, Plaintiff has alleged violations of his statutory-created rights under the FDCPA. Congress has the power to define injuries and has elevated FDCPA violations to the status of a legally cognizable injury. The acts described are the harms Congress sought to deter, for which Congress created private actions and private remedies. Therefore, the undersigned **FINDS** there is Article III standing to hear such claims, and this Court may properly exercise subject-matter jurisdiction.

## B. Failure to State a Claim

Even with subject matter jurisdiction established, the Complaint fails to state a claim upon which relief can be granted. An action may be dismissed for "failure to state a claim upon which relief can be granted" upon motion by Defendant. Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

1. **Because there are no factual allegations that Defendant personally engaged in any debt collection or reporting, the undersigned finds no claim upon which relief can be granted.**

Critically, here, the FDCPA claims cannot proceed as a matter of law because officers and employees such as Defendant are not defined as creditors potentially subject to liability under the FDCPA.

As set forth in Defendant's Motion [ECF No. 20 at 6-7], and not refuted by Plaintiff, while Defendant is the President of Afni, Inc, Defendant himself is not the creditor. Under the FDCPA, a "debt collector" is defined as follows:

> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include--
>
> > (A) <u>any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;</u>

7

15 U.S.C. § 1692a(6) (emphasis added). There is nothing to suggest to the Court that Defendant is a debt collector in his individual capacity or does anything other than performs duties as President for Afni, Inc. [ECF No. 20 at 6-7]. There is nothing Plaintiff has shown to conclude otherwise.

In fact, the credit report which Plaintiff supplied as an attachment to his Complaint indicates that Afni, Inc., not the Defendant, reported to the credit bureau regarding the account in question. [ECF No. 1-2 at 2 and 4].

No factual allegations in the Plaintiff's Complaint supply a claim upon which relief may be granted. No factual allegations support that Defendant individually qualifies as a debt collector or engaged in conduct that would make him personally liable for unlawful debt collection practices under the FDCPA. A claim cannot be brought by virtue of the Defendant's title alone. Thus, the undersigned discerns no claim upon which relief can be granted as to Defendant and **RECOMMENDS** that the Defendant's Motion to Dismiss be **GRANTED**.

2. **The undersigned further recommends dismissal because claims regarding the validation requests fail to set forth grounds for a violation by Defendant which may entitle Plaintiff to relief.**

Plaintiff claims that on April 8, 2020, the Defendant received through certified mail the Plaintiff's "Notice of Relief" requesting that the Defendant validate the alleged debt pursuant to the FDCPA § 1692g(a) and 1692g(b), and Defendant refused to respond to Plaintiff's validation request. In Claim 6, Plaintiff argues that Defendant's failure to respond to Plaintiff's Notice of Relief violates § 1692g(b).

As previously noted, the Defendant is not a debt collector as a matter of law. Defendant argues that this claim would fail regardless because there is no obligation verify a debt after the thirty-day validation request timeframe articulated by the FDCPA.

8

Section 1692g(b) provides that if a consumer notifies a debt collector *within the thirty-day period after the debt collector's written notice* that the debt, or any portion thereof, is disputed, the debt collector shall cease collection of the debt, until the debt collector obtains verification of the debt and a copy of such verification is mailed to the consumer by the debt collector. 15 U.S.C. § 1692g(b). This provision serves as a notice to debt collectors by which they must abide only if the consumer requests validation within a specific time frame. Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 783 (E.D.N.C. 2011).

Here, there is no indication that Plaintiff disputed the debt until his April 8, 2020 Notice of Relief. Plaintiff does not plead any facts regarding the initial communication or notice from the debtor, but assuming those documents were sent in 2018 prior to the credit bureau reporting, this validation request is far beyond the thirty-day time period contemplated by the FDCPA's notice provisions. Plaintiff may still bring an FDCPA claim against the debt collector even if he does not dispute the debt within the first thirty days. Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 393 (4th Cir. 2014). However, after thirty days, Defendant is released from his obligation to verify the debt for the consumer as articulated in Section 1692g. Plaintiff fails to allege any facts in his Complaint claiming that Defendant violated any of the notice requirements under Section 1692g.

As articulated above, Plaintiff's claims fail as the Defendant is not a debt collector and he did not report Plaintiff's alleged debt to the credit bureaus, Afni, Inc., did so. However, even if Defendant was a debt collector under the FDCPA, there is no obligation to respond to a validation requests years after the initial notice and corresponding thirty-day timeframe contemplated by the statute. Accordingly, the undersigned would **RECOMMEND** the Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

## IV.   CONCLUSION

Accordingly, for the reasons herein stated, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss Complaint [ECF No. 20] be **GRANTED** and Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and struck from this Court's docket.

Any party may within **fourteen (14) days** after being served with a copy of this Report and Recommendation file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.**  A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh United States District Judge.

**Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.** 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

Clerk is directed to transmit copies of this Report and Recommendation to counsel of record and to send a copy to the *pro se* Plaintiff by certified mail, return receipt requested.

It is so **RECOMMENDED AND ORDERED.**

Respectfully submitted March 15, 2021.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE